THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
JESÚS MONGE HERNÁNDEZ, Defendant and Appellant.

No. 8144. Argued April 18, 1940.—Decided April 30, 1940.

The appellant appeared by brief in his own behalf. *R. A. Gómez,
Prosecuting Attorney (Fiscal),* and *Luis Janer, Assistant Pros-
ecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In the District Court of San Juan, Jesús Monge Hernán-
dez was convicted of a violation of article 95 of the Public
Service Act of May 2, 1927, committed in the following man-
ner:

"That on the 20th of June, 4:30 P. M., of 1938, and in San José
street of San Juan, P. R., within the Municipal Judicial District of
San Juan, P. R., the defendant José Monge Hernández, there and
then, illegally, voluntarily, with malice and criminally, without pre-
vious authority of the Public Service Commision of Puerto Rico,
while he was chauffeur of automobile No. P–3592, acting as a public
carrier and selling seats to persons in said vehicle, took two pas-
sengers to carry them to Santurce and Puerta de Tierra, on the route
between San Juan and Río Piedras, thereby violating the final
order of the Public Service Commission of January 4, 1938, which
says:

" 'It is ordered, furthermore, and it is hereby prohibited that
any motor vehicle, not previously authorized by this Commission,
act, serve, or operate as a public carrier in the transportation of
passengers offering and rendering its service to the public in general,

between the municipalities, or between intermediate points. The fact that a motor vehicle is operated as a public carrier, transporting passengers from one place to another between the municipalities of San Juan and Río Piedras or within the municipality of San Juan or Río Piedras or between intermediate points, shall constitute prima facie evidence of a violation of the provisions of this order.' "

Although there was a trial Jesús Monge Hernández on appeal relies on what is practically a demurrer to the complaint. He does not argue it other than to cite the cases of *People* v. *Rivera,* 52 P.R.R. 382, and *People* v. *Matos,* 55 P.R.R. 177. The *Fiscal* in his answer makes no reference to the case of *People* v. *Rivera,* but this was clearly a case where the evidence failed to show where the passenger got on the conveyance and that therefore there was not sufficient case made out against the conductor of the vehicle.

*People* v. *Matos, supra,* can not help the appellant. The case does not decide anything in favor of the appellant, beyond the fact that the complaint was fatally defective because it failed to state either where the passenger got on or got off. The court in that case does not enter very fully into this point because it was considering the right in a district court to amend in a substantial way a complaint filed in the municipal court.

In the present case the destination of the passenger was clearly shown and the complaint alleged that the passengers were taken on the conveyance on San José Street in San Juan.

The defendant was duly advised of the spot where he was charged with having taken on the passengers. San José Street covers several blocks but no point is made on this account and what the defendant should have done, if he needed it, was to have asked for a bill of particulars.

The judgment should be affirmed.